UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONICA SPEARS, Personal Representative
for the ESTATE OF STEVEN TIMOTHY
SPEARS, deceased,

    Plaintiff,

vs.

SHELBY TOWNSHIP, a municipal corporation
OFFICER DENNIS WASHBURN, OFFICER
DANIEL MESSING, OFFICER ANDRE
GAMMICCHIA, OFFICER ROBERT HEISLER,
OFFICER PAUL SORBO, individually, and
in their official capacity, jointly and severally,

    Defendants.

Case: 2:07-cv-14887
Judge: Hood, Denise Page
Referral MJ: Scheer, Donald A
Filed: 11-14-2007 At 01:04 PM
MONICA SPEARS, ET AL V, SHELBY TOWNSHIP, ET AL (KB)

---

GEOFFREY NELS FIEGER (P30441)
PAUL W. BROSCHAY (P36267)
FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX
Attorneys for Plaintiff
19390 W. Ten Mile Road
Southfield, MI 48075
(248) 355-5555
p.broschay@fiegerlaw.com

---

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, MONICA SPEARS, Personal Representative for the ESTATE OF STEVEN TIMOTHY SPEARS, deceased, by and through their attorneys, FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX, P.C., and for her Complaint and Jury Demand against the above-named Defendants, states as follows:

1.    Monica Spears is the Personal Representative of the Estate of Steven Timothy Spears, deceased, and qualifies in the Courts as the personal representative, and is

authorized and the proper party to bring this action on behalf of and for the benefit of the Estate of Steven Timothy Spears.

2. At all relevant times to this litigation, the deceased, Steven Timothy Spears, was a resident of the Township of Shelby in the County of Macomb, State of Michigan.

3. At all relevant times to this litigation, the Defendant Shelby Township was a municipal corporation duly organized and carrying on governmental functions in the State of Michigan.

4. At all relevant times to this litigation, the Defendants, OFFICER DENNIS WASHBURN, OFFICER DANIEL MESSING, OFFICER ANDRE GAMMICCHIA, OFFICER ROBERT HEISLER AND OFFICER PAUL SORBO, were employees of the Defendant Shelby Township Police Department and were acting under color of state law and were acting in the course and scope of their employment with the Defendant Township.

5. The amount in controversy exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000).

6. The Defendants are not entitled to qualified immunity.

7. On August 3, 2007, at approximately 11:23, the Defendants Messing and Washburn responded to a radio run to the area of Shelby and 22 Mile Road in Shelby Township concerning a reported indecent exposure.

8. As the officers arrived at the area of 23 Mile and Stroneridge in Shelby Township they observed a man later identified as the deceased, Steven Timothy Spears, standing on Stoneridge Road just south of 23 Mile Road.

9. The man identified himself and told the Defendant Officers that he lived

nearby. The officers obtained his true name and address from their communications section.

10. The Defendant officers observed that Spears was wearing only underwear and was sweating heavily. The Defendant officers interviewed Spears further and he claimed that he was diabetic. The officers in response to his explanation ordered EMS which eventually arrived on the scene.

11. The Defendant Gammicchia arrived on the scene in response to a call for back up from Messing and Washburn. The Defendant officers Heisler and Sorbo arrived at the scene a short time later.

12. Spears did not cooperate with the officers and EMS responders' request that he submit to a test to determine his blood sugar level.

13. The Defendant Washburn drew his taser from the holster and order Spears to cooperate with the EMS personnel or he would be handcuffed and arrested. Spears then fled from the Defendant officers and EMS personnel. The Defendant Washburn activated his taser and struck Spears as he was running. Spears fell to the ground and then ran again. Washburn again activated the taser causing Spears to fall to the ground, violently striking his head.

14. While Spears was on the ground vastly outnumbered by five able bodied police officers he was ordered to "get on your stomach" by the Defendants.

15. While Spears was on the ground defenseless against all the Defendants he was assaulted and beaten.

16. While Spears was on the ground defenseless against all the Defendants he

3

was continuously assaulted by the Defendants Washburn and Messing who activated their tasers in a drive stun mode simply because Spears refused to turn from his back onto his stomach where he would be at a greater risk from the officers.

17. Spears was rolled onto his stomach and handcuffed behind his back by the Defendants while still being shocked. A blood test was accomplished by EMS personnel who determined that Spears had "low blood sugar."

18. The Defendant officers forced the deceased to remain prone on the ground with his head, face and mouth in the dirt of the shoulder of the road while on his chest and stomach with his hands cuffed behind his back while applying weight against his body with their hands, arms and legs.

19. The Defendants each in some way restrained the deceased while he was forced to lay naked in a supine position with handcuffs securing his hands behind his back.

20. The Defendants continued to restrain the deceased while he attempted to reposition himself so he could breathe, but the Defendants refused to permit it.

21. The Defendants responded to the deceased's attempts to save his life and get up from the ground by restraining him and refusing him the opportunity to breathe.

22. The restraint by the Defendants in the manner described, as well as the shocks from the tasers and the beating, caused the deceased to lose consciousness and die.

23. The restraint of the deceased in the manner carried out by the Defendants is well known to law enforcement officers as a tactic that will cause positional or mechanical asphyxia and death.

24. The brutal attack on the helpless Spears by the Defendant officers was a

4

proximate cause of his death.

25. While the Defendant officers assaulted Spears who they knew had no weapons and was not a threat to any of them he became unresponsive and died.

26. At no time during the brutal killing of Timothy Spears did the above Defendants have a justifiable reason to use the force they employed.

## COUNT I

## VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983 BY INDIVIDUAL DEFENDANTS

27. The Plaintiffs repeat and reallege paragraphs 1 through 26 of their Complaint as though fully set forth herein.

28. The above-described killing of an innocent citizen was without legal justification.

29. Pursuant to 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution, the Defendants owed Steven Timothy Spears, a duty to act prudently and with reasonable care and to otherwise avoid the use of unnecessary, unreasonable, excessive and/or deadly force.

30. The Defendants violated Steven Timothy Spears' right to be free from punishment and deprivation of life and liberty without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution and to be free from deliberate indifference to all of said rights by unjustifiably killing him.

31. After employing unnecessary unreasonable excessive and deadly force

resulting in a violation of Steven Timothy Spears' rights under 42 U.S.C. 1983 the Defendants along with other officers employed by the Defendant Shelby Township failed to timely render and/or seek medical care or assistance for Steven Timothy Spears.

32. The Defendant officers conspired with one another to deprive Steven Timothy Spears of needed medical care, and fabricated and disseminated false accounts regarding the subject matter of this lawsuit, namely, the use of unnecessary deadly force against Steven Timothy Spears.

33. The Defendant officers and others from the Defendant Shelby Township and Township administration did knowingly falsely and publicly state that the Defendant officers and others were in a dangerous situation and/or were justified in using the type of force they did.

34. Statements made by the Defendant officers in the record and/or publicly that represented the deceased, Steven Timothy Spears to be at fault for his death or for threatening the Defendant officers were voiced and announced prior to completion of a complete and objective investigation as required.

35. As a direct and proximate result of the Defendants' actions, their deliberate indifference as more fully described above, the Steven Timothy Spears, suffered damages.

36. As a direct and proximate result of the Defendants' acts and/or omissions, Steven Timothy Spears died, and thus, his estate, via its personal representative, has and will continue to suffer damage into the future, including but not limited to:

    a. Reasonable medical, hospital, funeral and burial expenses;

    b. Reasonable compensation for the pain and suffering undergone by

Steven Timothy Spears while he was conscious during the time between his injury and death;

c. Loss of financial support;

d. Loss of service;

e. Loss of gifts and/or other valuable gratuities;

f. Loss of society and companionship;

g. Punitive and exemplary damages; and

h. All other damages properly recoverable under the Michigan Wrongful Death Act.

WHEREFORE, Plaintiff, MONICA SPEARS, Personal Representative of the ESTATE OF STEVEN TIMOTHY SPEARS, deceased, respectfully request this Honorable Court enter a judgment in her favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of costs, interest and attorney fees, as well as an award of punitive damages.

## COUNT II

### VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. 1983 BY SHELBY TOWNSHIP

37. The Plaintiffs repeat and reallege paragraphs 1 through 36 of their Complaint as though fully set forth herein.

38. At all times relevant to this Complaint, Shelby Township, through its Police Department, and through its senior officers and policymakers, supervisors and other

policymakers, pursued policies, practices and customs that were a direct and proximate cause of the unconstitutional rights alleged herein and were the result of deliberate indifference.

39. The policies include, but are not limited to:

    a. Failure to properly screen, supervise, discipline, transfer, counsel or otherwise control police officers, including the officers who killed Steven Timothy Spears, who are known or should have been known to engage in improper use of excessive force and deadly force;

    b. Employing a police code of silence wherein other officers and supervisors cover up the use of deadly force by fabricating accounts in official police reports and internal affairs investigations to the media, all of which are designed to falsely exonerate officers from potential civil liability;

    c. Creating and implementing procedures that allow for and promote the use of deadly force in unwarranted and under unjustified circumstances;

    d. Failing to train its police officers concerning the dangers of restraining persons and the dangers of the use of tasers; and

    e. Failing to train its police officers concerning the dangers of positional and compression asphyxia;

    f. Other failures yet to be discovered.

40. As a direct and proximate result of the Defendants' actions, their deliberate indifference as more fully described above, the Steven Timothy Spears, suffered damages.

41. As a direct and proximate result of the Defendants' acts and/or omissions, Steven Timothy Spears died, and thus, his estate, via its personal representative, has and will continue to suffer damage into the future, including but not limited to:

a. Reasonable medical, hospital, funeral and burial expenses;

b. Reasonable compensation for the pain and suffering undergone by Steven Timothy Spears while he was conscious during the time between his injury and death;

c. Loss of financial support;

d. Loss of service;

e. Loss of gifts and/or other valuable gratuities;

f. Loss of society and companionship;

g. Punitive and exemplary damages; and

h. All other damages properly recoverable under the Michigan Wrongful Death Act.

WHEREFORE, Plaintiff, MONICA SPEARS, Personal Representative of the ESTATE OF STEVEN TIMOTHY SPEARS, deceased, respectfully request this Honorable Court enter a judgment in her favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of costs, interest and attorney fees, as well as an award of punitive damages.

Respectfully submitted,

Geoffrey N. Fieger (P30441)
Paul W. Broschay (P36267)
FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX, P.C.
19390 W. Ten Mile Road
Southfield, MI 48075
(248) 355-5555
p.broschay@fiegerlaw.com

Dated: November 14, 20007

9

## JURY DEMAND

NOW COMES the Plaintiff, MONICA SPEARS, Personal Representative of the Estate of STEVEN TIMOTHY SPEARS, deceased, by and through their attorneys, FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX, P.C., and hereby demand a trial by jury in the above-captioned matter.

Respectfully submitted,

Geoffrey N. Fieger (P30441)
Paul W. Broschay (P36267)
FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX, P.C.
19390 W. Ten Mile Road
Southfield, MI 48075
(248) 355-5555
p.broschay@fiegerlaw.com

Dated: November 14, 2007

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

County in which this action arose __Macomb County__

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Monica Spears, Personal Representative of the Estate of Steven Timothy Spears,

**DEFENDANTS**
Shelby Township, a municipal corporation, Officer Dennis Washington, Officer Daniel Messing, Officer Andre Gammicchia, Officer Robert Heisler, Officer Paul Sorbo, individually and in their individually capacity, jointly and severally,

(b) County of Residence of First Listed Plaintiff __Macomb County__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant __Macomb County__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Paul W. Broschay (P36267), 19390 W. Ten Mile Road, Southfield, MI 48075 (248) 355-5555

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Select One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Select One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Select One Box Only)

Case: 2:07-cv-14887
Judge: Hood, Denise Page
Referral MJ: Scheer, Donald A
Filed: 11-14-2007 At 01:04 PM
MONICA SPEARS, ET AL V. SHELBY TOWNSHIP, ET AL (KB)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | | | 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 640 R.R. & Truck | ☐ 650 Airline Regs. | 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 690 Other | ☐ 840 Trademark | 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ■ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Select One Box Only)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 1983
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: November 14, 2007

SIGNATURE OF ATTORNEY OF RECORD: /s/ Paul Broschay

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

## PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed? ☐ Yes ☑ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.) ☐ Yes ☑ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes :